UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SIDNEY LEWIS,

        Petitioner,

v.	Case No. 3:08-cv-1167-J-12JRK

STATE OF FLORIDA, et al.,

        Respondents.

## ORDER

Petitioner, a pre-trial detainee at the Duval County Jail, initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter Petition) on December 4, 2008. Petitioner has been arrested on charges of domestic battery, resisting arrest without violence and domestic battery/stalking. Petitioner seeks the issuance of a writ and removal of his state criminal cases to federal court. He also wants to be placed in the custody of the United States Marshal. Petitioner complains of misconduct by the Public Defender's Office and the State Attorney's Office and of judicial incompetency.

Petitioner's request is barred by the abstention doctrine and the principles of comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from

interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) (per curiam) (noting the doctrine usually applies in cases involving criminal prosecution or the criminal justice system); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases -- already pending in state court--free from federal court interference.") (citation omitted).

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on Petitioner's claims. This case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his state court remedies. See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

For these reasons, this case will be dismissed without prejudice. Additionally, the Court notes that Petitioner attempts to raise civil rights claims in this action (false arrest, malicious prosecution and assault). Petition at 7. These claims should be presented in a civil rights action, at the appropriate time, not in a petition for writ of habeas corpus.

Accordingly, it is now

2

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10TH. day of December, 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 12/8
c:
Sidney Lewis